IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES E. WALKER,
#R02343,

        Plaintiff,

v.

D. BROOKHART,
E. MCQUEEN,
JOHNSON,
TITWELL,
NEIKIRK,
MUELLER,
LENEAR,
R. WALKER,
THOMAS,
DUNLAP,
SAWYER,
BAKER,
TAYLOR,
PURDUE,
DOREESE,
HANSON,
J. WALLANCE,
HARMON,
J. MEDLER,
NEW,
RICHARDSON,
RIGGS,
STONES,
HUNTLY,
COOPER,
MUKUS,
BROWN,
ROBERT,
HENSON,
BURTIS,
FIERS,
NUMILLER,
RAMISO,
YONOIS,
BRIDGWELL,
TRIBBLE,

Case No. 22-cv-01162-SPM

| | |
|---|---|
| **REED,**<br>**SLANDER,**<br>**HILL,**<br>**BFFORD,**<br>**SLOWGAN,**<br>**HOWARD,**<br>**ACCKERMAN,**<br>**ZOLLOUS,**<br>**PIPER,**<br>**JOHN DOE 1,**<br>**JOHN DOE 2,**<br>**JOHN DOE 3,**<br>**JOHN DOE 4, and**<br>**JOHN DOE 5,**<br><br>                    **Defendants.** | |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff James Walker, an inmate of the Illinois Department of Corrections who is currently incarcerated at Sheridan Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights that occurred while at Lawrence Correctional Center ("Lawrence"). The First Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE FIRST AMENDED COMPLAINT

Plaintiff alleges that from January 1, 2020, through December 31, 2020, during COVID lockdowns, he was subjected to unconstitutional conditions of confinement. (Doc. 10). Plaintiff was celled in a small cell in A Wing Cell House and unable to leave his cell to exercise. Plaintiff was denied cleaning supplies to clean his cell when requested, and he was forced to live with a

dirty sink and toilet. The shower area was dirty with fungus and mold. Trash clogged the shower drains causing flooding and exposing Plaintiff to contaminated water. In April 2020, he experienced cold temperatures, below 32 degrees, and he was not provided an extra blanket when requested.

Plaintiff also asserts that during 2020 he was served food that was not kept at appropriate temperatures. Staff would let the food turn cold and sit for hours before serving the food trays to inmates. Repeatedly eating cold food caused Plaintiff to become ill. On one occasion he found rat feces in his oatmeal, and he was also served food containing shredded bones more than once.

Finally, Plaintiff alleges that in November through December 2020, Defendants failed to provide adequate protection from COVID-19. He was constantly placed in dangerous situations exposing him to the virus.

## DISCUSSION

To survive preliminary review under § 1915A, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), which includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). The complaint must also associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and they can properly answer the complaint. *Id.* at 555. And because Plaintiff brings his claims under Section 1983, he must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka,* 769 F.3d 517, 528 (7th Cir. 2014).

The allegations in the First Amended Complaint suffer from many of the same problems discussed in the previous merit review order. (*See* Doc. 9). Plaintiff has sued 50 individuals. He makes broad claims that a group of defendants denied him adequate living conditions, food at proper temperatures, or protection from COVID-19, but then goes on to describe personal

interactions with only a few of the listed defendants. (*See* Doc. 10, p. 28, 30, 32). Plaintiff attempts to show that all Defendants were personally involved in the constitutional violations by stating that he filed grievances relating to his conditions on multiple occasions but without success. These grievances "put Defendants on notice." (*Id.* at p. 28). These allegations, however, are simply too vague to state a claim for an Eighth Amendment violation against many of Defendants.

Despite the Court's previous instructions regarding improperly joined claims and parties, the First Amended Complaint also runs afoul of the rules of joinder. FED. R. CIV. P. 18-21; (Doc. 9, p. 12). Specifically, Federal Rule of Civil Procedure 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. In other words, multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences and presents a question of law or fact common to all. FED. R. CIV. P. 18, 20(a)(2); *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007).

Here, Plaintiff attempts to describe the alleged events as related transactions since they all occurred during COVID lockdowns in 2020 at Lawrence. However, claims regarding the cell and shower conditions, food quality and service, and COVID-19 protocols are three distinct sets of claims arising from separate transactions or occurrences. Fifteen defendants are named in connection with Plaintiff's claims regarding the conditions of confinement, forty-seven defendants are named in connection with the claims regarding his food, and eight defendants are named in connection with a lack of COVID-19 protocols. The only defendants common to all three sets of claims are Brookhart, Johnson, and Dunlap. The fact the events happened in 2020 at Lawrence during COVID lockdowns does not convince the Court that the claims are a part of the same "series of acts or transactions." *See United States v. Cavale*, 688 F. 2d 1098, 1106 (7th Cir. 1982) ("Case law reveals that 'the word transaction contemplates a series of many acts depending not so much

upon immediateness of their connection as upon their logical relationship.'") (quoting *United States v. Isaacs*, 493 F.2d 1124, 1158 (7th Cir.)).

To the extent it could be argued that Defendants are properly joined, the Court finds that the inclusion of all Plaintiff's claims against these parties would run afoul of the Seventh Circuits admonition that "[a] litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). Defendants such as Baker, Taylor, and Purdue, for example, who are involved only in the claims regarding Plaintiff's cell and shower conditions, have nothing to do with Plaintiff's allegations regarding his food and COVID-19 protocols. These defendants would likely be prejudiced if all of the claims are allowed to proceed together, and they were forced to defend themselves in a case with 35 other unrelated defendants.

For these reasons and pursuant to *Dorsey v. Varga,* 55 F.4th 1094, 1107-08 (7th Cir. 2022), the First Amended Complaint will be stricken based on the improper joinder issues described. Plaintiff may pursue only related claims against a single group of defendants in this case and must file separate lawsuits to pursue his other claims. Because Plaintiff is in the best position to decide which claims he intends to pursue in this lawsuit, he will be given one more opportunity to amend the complaint before the Court conducts the required merits screening of his claims under Section 1915A.

### DISPOSITION

The First Amended Complaint (Doc. 10) is **STRICKEN** for improper joinder of claims and/or defendants. Plaintiff is **GRANTED** leave to file a Second Amended Complaint on or before **November 3, 2023,** that focuses on one claim or set of related claims against one or more defendants that arises from a single transaction or occurrence or series of transactions or occurrences.

An amended complaint supersedes and replaces the original complaint, rendering it void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments. The Second Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint. The Second Amended Complaint will be subject to review under 28 U.S.C. § 1915A.

Should Plaintiff file a Second Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. **He should label the form "Second Amended Complaint" and use the case number for this action (No. 22-cv-01162-SPM)**.

Should Plaintiff attempt to bring unrelated claims against different groups of defendants in the same complaint, the Court will exercise its discretion under Rule 21 to sever or dismiss them. Therefore, Plaintiff should instead file one or more additional lawsuits to address each distinct group of claims he wishes to pursue. If he chooses to do so, Plaintiff should remain mindful of the 2-year statute of limitations applicable to his claims under Section 1983 and should file any new lawsuit before the 2-year time period expires. Plaintiff will be obligated to pay a separate filing fee for each additional suit he files, and he will receive a "strike" for any suit that is dismissed because it is frivolous, malicious, or fails to state a claim. 28 U.S.C. § 1915(g).

If Plaintiff fails to file his Second Amended Complaint *in this case* within the allotted time or consistent with the instructions set forth in this Order, the entire case will be dismissed with prejudice for failure to state a claim, failure to comply with a court order, and/or failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal may also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court

informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

To facilitate Plaintiff's compliance with this Order, and to enable Plaintiff to file separate lawsuits if he desires to pursue unrelated claims, the Clerk of Court is **DIRECTED** to mail him three blank civil rights complaint forms.

**IT IS SO ORDERED.**

**DATED: October 6, 2023**

    *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**