IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES E. WALKER, #R02343, <br><br> Plaintiff, <br><br> v. <br><br> D. BROOKHART, E. MCQUEEN, JOHNSON, NEIKIRK, MUELLER, LENEAR, R. WALKER, DUNLAP, SAWYER, BAKER, TAYLOR, PURDUE, HANSON, RAMISO, HARMON, and MUKUS, <br><br> Defendants. | Case No. 22-cv-01162-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff James Walker, an inmate of the Illinois Department of Corrections who is currently incarcerated at Sheridan Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights that occurred while at Lawrence Correctional Center ("Lawrence"). The original Complaint was dismissed for failure to state a claim pursuant to Section 1915A. Although the Court considered the sufficiency of the claims in the Complaint, the Court noted the Merit Review Order that many of Plaintiff's claims were

unrelated and appeared improperly joined. Plaintiff was warned against filing large and complex complaints against multiple defendants with seemingly unrelated claims. (Doc. 9, p. 12). Despite this warning, the First Amended Complaint named 50 individuals, and Plaintiff's allegations involved three distinct sets of claims that were not a part of the same series of acts or transactions. The Court struck the First Amended Complaint and gave Plaintiff one last opportunity to amend his pleadings. (Doc. 13, p. 4-5).

The Second Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE SECOND AMENDED COMPLAINT

Plaintiff alleges that while housed at Lawrence Correctional Center ("Lawrence") he was denied adequate living conditions from January 1, 2020, through December 31, 2020. During this time, he was housed on "three A wing cellhouse." (Doc. 16, p. 21). Plaintiff states he experienced the following conditions:

- Housed in a small cell;
- Subjected to lockdowns and unable to exercise;
- Exposed to temperatures below 32 degrees in April 2020;
- Forced to used filthy showers that were contaminated with fungus and black mold and covered with trash, which would cause standing contaminated water and flooding; and
- Denied cleaning supplies and forced to live with a dirty sink and toilet.

(*Id.* at p. 21-22). Because of the conditions in the showers, Plaintiff developed a toenail fungus. He also states that because of the lack of exercise he suffered physical harm and increased stress. (*Id.* at p. 23). Plaintiff asserts that all Defendants were aware of the conditions in his housing unit

and were deliberately indifferent to the continuing constitutional violations he suffered. (*Id.*).

## DISCUSSION

To prevail on an Eighth Amendment claim based on inadequate prison conditions, the plaintiff must show that (1) the conditions in the prison were objectively "sufficiently serious so that a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities," and (2) prison officials acted with deliberate indifference to those conditions. *Townsend v. Fuchs,* 522 F.3d 765, 773 (7th Cir. 2008) (internal citations and quotation marks omitted).

"[T]he Constitution does not mandate comfortable prisons." *Rhodes v. Chapman,* 452 U.S. 337, 349 (1981). Thus, the conditions experienced by an inmate must be severe to support an Eighth Amendment claim." *Perkins v. English,* No. 22-cv-1053-DRL-MGG, 2023 WL 2571717, at *1 (N.D. Ind. Mar. 20, 2023). "Some conditions of confinement may establish an Eighth Amendment violation in combination when each alone would not do so." *Gillis v. Litscher,* 468 F.3d 488, 493 (7th Cir. 2006). However, "[g]enerally speaking, challenges to conditions of confinement cannot be aggregated and considered in combination unless they have a mutually enforcing effect that produces the deprivation of a single, identifiable need such as food, warmth, or exercise." *Johnson v. Prentice*, 29 4 895, 904 (7th Cir. 2022). As to the second element of an Eighth Amendment claim, in order to sufficiently plead that a defendant acted with deliberate indifference, the plaintiff must allege facts to support the inference that "the official must have actually known of and consciously disregarded a substantial risk of harm." *Rasho v. Jeffreys*, 22 F. 4 703, 710 (7th Cir. 2022).

It appears Plaintiff is attempting to assert a single conditions of confinement claim and generally states that because of the overall conditions at Lawrence he suffered increased stress and emotional harm. (Doc. 16, p. 23). Each of his complaints address distinct human needs, however,

and appear to have happened at different time periods. For example, he complained about sanitation in the showers in March, experienced cold temperatures in April, and does not provide any time frame for lockdowns and being denied cleaning supplies on the weekends. Because Plaintiff's claims do not have a "mutually enforcing effect," the Court will not review the conditions he experienced in combination as a single claim and designates the following counts:

>    Count 1:   Eighth Amendment claim against Defendants for housing Plaintiff in a small cell, subjected to lock downs with limited exercise from January 31, 2020, through December 31, 2020.
>
>    Count 2:   Eighth Amendment claim against Defendants for denying Plaintiff cleaning supplies.
>
>    Count 3:   Eighth Amendment claim against Defendants for failing to maintain clean and sanitary conditions in the showers.
>
>    Count 4:   Eighth Amendment claim against Defendants for subjecting Plaintiff to extremely cold temperatures from April 1 through April 22, 2020.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Second Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

Before reviewing each count, the Court dismisses all claims against Brookhart, McQueen, Neikirk, Muller, Walker, Sawyer, Baker, Taylor, and Purdue. Plaintiff makes the general allegation that these individuals were aware of his living conditions and were "deliberately indifferent to the continuing constitutional violations" he suffered. (Doc. 16, p. 21, 23). This type of conclusory statement is not sufficient to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); FED. R. CIV. P. 8(a)(2). Neither their conduct nor their involvement in the alleged events is described

---

[1] *See Twombly*, 550 U.S. at 570.

anywhere in the Second Amended Complaint. Accordingly, the claims against Brookhart, McQueen, Neikirk, Muller, Walker, Sawyer, Baker, Taylor, and Purdue are dismissed without prejudice.

### Counts 1 and 2

Plaintiff alleges that he was housed in "cells smaller than the recommended standard[,]… lockdown and unable to exercise[,]… [and] repeatedly denied proper cleaning supplies by Defendants upon a direct request[,]" forcing him to "live with a dirty sink and toilet." (Doc. 16, p. 21-22). These sparse facts do not describe conditions that are objectively serious enough to amount to a constitutional deprivation. *See Smith v. Dart,* 803 F. 304, 313 (7th Cir. 2015) (the plaintiff's allegation that he could not go outside for recreation failed to state "a sufficiently serious constitutional violation."); *Gray v. Hardy,* 826 F. 3d 1000, 1005 (7th Cir. 2016) (observing that an Eighth Amendment violation for the denial of cleaning supplies and running water has been recognized "only in extreme circumstances"). Additionally, Plaintiff does not associate any of the named defendants with these conditions – that they knew the conditions Plaintiff was experiencing and refused to take steps to correct them. Accordingly, Counts 1 and 2 are dismissed without prejudice.

### Count 3

Plaintiff claims that the showers were dirty. They had black mold and fungus, they smelled of urine, and trash clogged the shower drains causing flooding. He complained about the trash blocking the drains on March 7, 2020, March 23, 2020, and March 29, 2020, to Correctional Officer Dunlap. He complained to Correctional Officer Johnson on March 18, 2020, March 25, 2020, and March 26, 2020, and to Correctional Officer Hanson on March 29, 2020. (Doc. 16, p. 22).

The Court finds that these shower conditions do not rise to the level of a constitutional

violation. In *Snipes v. DeTella,* the Seventh Circuit held that "an inch or two of water in the shower, even where one has a sore toe, is not an excessive risk to inmate health or safety, not the denial of the minimal civilized measure of life's necessities." 95 F. 3d 586, 592 (internal citations and quotations omitted). In *Stanely v. Page,* the Seventh Circuit found that even if standing water had caused the plaintiff's athlete's foot, "his infection did not cause him serious harm, and the slow drain in the shower did not pose an excessive risk to his health or safety." 44 F. App'x 13, 15 (7th Cir. 2002) (internal citations and quotations omitted). Likewise, Plaintiff's shower conditions of flooding, trash, and mold did not pose an excessive risk to his health or safety. Count 3 is dismissed.

### Count 4

Plaintiff states that in April 2020, he experienced extreme cold "without an alternative." (Doc. 16, p. 22). He states that for weeks the temperature was below 32 degrees. (*Id.* at p. 21). He requested for the heat to be turned or to be provided a blanket from Dunlap, Lenear, and Johnson. They told him they would "check on it to no avail," and they did not provide him a blanket. Plaintiff also requested for the heat to be turned on to Ramiso, Harmon, and Mukus. They told Plaintiff the heat was on a timer and "could not be turned on." (*Id.* at p. 22-23).

The Court finds that these allegations are sufficient to state a constitutional claim and will proceed. *See Dixon v. Godinez,* 114 F. 3d 340 (7th Cir. 1997).

### MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff has filed a motion for recruitment of counsel, which is **DENIED**.[2] (Doc. 15). Plaintiff does not provide any information regarding attempts to recruit counsel on his own or whether he has been effectively precluded from doing so. Because he has not made this showing,

---

[2] In evaluating Plaintiff's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

the Court finds that Plaintiff has not made a reasonable attempt to find counsel. Should Plaintiff choose to move for recruitment of counsel at a later date, the Court directs Plaintiff to: (1) contact at least three attorneys regarding representation in this case prior to filing another motion; (2) include in the motion the names and address of at least three attorneys he has contacted; and (3) if available, attach the letters from the attorneys who declined representation.

**DISPOSITION**

For the reasons stated above, the Second Amended Complaint survives preliminary review pursuant to Section 1915A. **COUNT 4** will proceed against Dunlap, Lenear, Johnson, Ramiso, Harmon, and Mukus. **COUNTS 1, 2,** and **3** are **DISMISSED without prejudice**. Because there are no surviving claims against Defendants Brookhart, McQueen, Neikirk, Mueller, Walker, Sawyer, Baker, Taylor, Purdue, and Hanson, the Clerk of Court is **DIRECTED** to **TERMINATE** them as defendants.

The Clerk of Court **SHALL** prepare for Dunlap, Lenear, Johnson, Ramiso, Harmon, and Mukus the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint, and this Memorandum and Order to each defendants' place of employment. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above

or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Second Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants should respond to the issues stated in this Merit Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 21, 2023**

      *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.