IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES WALKER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>D. BROOKHART,<br>MCQUEEN,<br>KEVIN JOHNSON,<br>NEIKIRK,<br>MUELLER,<br>CHAD LENEAR,<br>R. WALKER,<br>M. DUNLAP,<br>SAWYER,<br>BAKER,<br>TAYLOR,<br>HANSON,<br>HARMON,<br>DOUGLAS MUHS, and<br>ARCHIEVALD RAMISO,[1]<br><br>　　　　Defendants. | Case No. 22-cv-01162-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Walker, an inmate in the custody of the Illinois Department of Corrections (IDOC), commenced this action pro se for violations of his constitutional rights that occurred while at Lawrence Correctional Center (Lawrence). The original Complaint was dismissed without prejudice for failure to state a claim, and the First Amended Complaint was stricken for improper joinder of claims and/or defendants. (Doc. 9, 13). Plaintiff successfully stated a claim for relief in

---

[1] The defendants who have been served and filed an Answer to the Second Amended Complaint have identified their correct names. (Doc. 29). The Clerk of Court is **DIRECTED** to modify certain Defendants' names on the docket sheet accordingly: Kevin Johnson ("Johnson"), M. Dunlap ("Dunlap"), Chad Lenear ("Lenear"), Arhievald Ramiso, ("Ramiso"), and Douglas Muhs ("Mukus").

his Second Amended Complaint and is proceeding on an Eighth Amendment claim against Defendants Johnson, Lenear, Dunlap, Muhs, Ramiso, and Harmon for subjecting Plaintiff to extremely cold temperatures from April 1 through April 22, 2020. (Doc. 17). The Court dismissed his claims regarding other alleged unconstitutional conditions of confinement and ten defendants. Before this Court is Plaintiff's motion for leave to file a third amended complaint. (Doc. 19). Plaintiff states that he would like to amend in order to provide additional information and replead his claims against Defendants Brookhart, McQueen, Neikirk, Mueller, Walker, Sawyer, Baker Taylor, and Hanson. All of whom were previously dismissed without prejudice.

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). The Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996).

Plaintiff's motion is timely filed and will not prejudice Defendants. Thus, the Court **GRANTS** the Motion for Leave to Amend Complaint. (Doc. 19). The Clerk will be directed to file the proposed amended complaint as the Third Amended Complaint. (Doc. 19-1). The Third Amended Complaint, however, is still subject to review under 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations

of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Court must also consider whether any claims are improperly joined and subject to severance or dismissal. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

**THIRD AMENDED COMPLAINT**

Plaintiff alleges that in 2020, while housed at Lawrence in "three A cellhouse unit," he experienced deplorable living conditions. (Doc. 19-1, p. 20). His claims focus on the lack of cleaning tools, the conditions of the showers, the extremely cold temperature of his cell, and the frequent lockdowns implemented at Lawrence. Because of the constitutionally inadequate living conditions, Plaintiff states that he contracted a toenail fungus from the showers and experienced increased stress, exposure to contaminants, and emotional harm. (*Id.* at p. 27).

**I.  Cleaning Supplies**

In January, February, March, April, July, August, September, and October of 2020, Plaintiff states that he was repeatedly denied cleaning tools, such as a mop, broom, and toilet brush. (Doc. 19-1, p. 20). He asserts that without the proper cleaning supplies, he was forced to live in a cell with a dirty sink and toilet. (*Id.* at p. 20).

**II.  Shower Conditions**

Plaintiff alleges that from January through October 2020, he was forced to use filthy showers. (Doc. 19-1, p. 21). He asserts that correctional officers were not allowing the showers to be cleaned by the porter workers before dayroom time, so the showers remained dirty from the previous evening. (*Id.*). There was fungus and mold on the walls, and trash and hair covered the drains "causing flooding." (*Id.* at p. 21, 23, 24). Inmates were not allowed to return to their cells to use their toilets before the assigned shower time, and as a resulted, the inmates would urinate in

the showers. (*Id.*). Plaintiff was forced to shower standing in filthy urine smelling water. (*Id.* at p. 22).

### III. Cold Temperatures

Plaintiff asserts that his cell reached extremely cold temperatures in April 2020. He spoke to Dunlap, Lenear, and Johnson officers about turning on the heat or for a blanket, but "to no avail." (Doc. 19-1, p. 23). He then asked about the heat to Ramiso, Harmon, and Mukus, and they told him that the heating system was on a timer that could not be adjusted. (*Id.*).

Plaintiff also grieved the cold temperatures in October 2020 and repeatedly requested for staff to turn on the heat. (Doc. 19-1, p. 26). He was told that the heat was on a "control set date." (*Id.*).

### IV. Lockdowns

Finally, Plaintiff alleges that in 2020 he was subjected to repeated lockdowns. (Doc. 19-1, p. 21-22, 26). He was often confined to a small cell with another inmate for twenty-two to twenty-four hours a day without the ability to exercise outside his cell. (*Id.* at p. 22).

Based on the allegations in the Third Amended Complaint, the Court redesignates the counts as follows:

> **Count 1:** Eighth Amendment claim against Defendants for repeatedly denying Plaintiff cleaning tools in January, February, March, April July, August, September, and October of 2020.
>
> **Count 2:** Eighth Amendment claim against Defendants Taylor, Baker, Johnson, McQueen, Mueller, Neikirk, Johnson, Dunlap, Lenear, Walker and Sawyer for failing to maintain clean and sanitary shower conditions.
>
> **Count 3:** Eighth Amendment claim against Dunlap, Lenear, Johnson, Ramiso, Harmon, Mukus, and Neikirk for subjecting Plaintiff to extremely cold temperatures in April and October 2020.
>
> **Count 4:** Eighth Amendment claim against Brookhart for subjecting Plaintiff

to constant lockdowns from March through December 2020.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Third Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[2] pleading standard.**

### DISCUSSION

To sufficiently state an Eighth Amendment claim based on inadequate prison conditions, the plaintiff must plead that the defendant "knows of and disregards an excessive risk to inmate health or safety." *Johnson v. Prentice,* 29 F. 4 895, 904 (7th Cir. 2022) (quoting *Farmer v. Brennan,* 511 U.S. 825, 837 (1994)). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." *Id.* "[T]he Constitution does not mandate comfortable prisons." *Rhodes v. Chapman,* 452 U.S. 337, 349 (1981). Thus, the conditions experienced by an inmate must be severe to support an Eighth Amendment claim." *Perkins v. English,* No. 22-cv-1053-DRL-MGG, 2023 WL 2571717, at *1 (N.D. Ind. Mar. 20, 2023).

### Count 1

Again, the Court finds that Plaintiff has failed to state a claim for repeatedly being denied cleaning tools. Throughout 2020, he asserts that he asked various Defendants for these tools and to participate in "cell cleaning," but more often than not, his requests were denied. Plaintiff states that without the provision of a mop, broom, and toilet brush, his sink and toilet were dirty. These allegations are not sufficient for the Court to plausibly infer that Plaintiff's dirty cell conditions were sufficiently serious to rise to the level of an Eighth Amendment deprivation or that the lack

---

[2] *See Bell Atlantic, Corp., v. Twombly*, 550 U.S. 544, 570 (2007).

of these specific tools resulted in an excessive risk to his health or safety. *Gray v. Hardy*, 826 F. 3d 1000, 1005 (7th Cir. 2016) (observing that an Eighth Amendment violation for the denial of cleaning supplies and running water has been recognized "only in extreme circumstances"). Plaintiff does not assert that he was denied access to soap and water, only that he was not given additional items that are typically dispersed on weekends. (*See* Doc. 19-1, p. 36). The Court does not find that the denial of the cleaning tools of his choice pleads a claim for cruel and unusual punishment, and Count 1 is dismissed.

### Count 2

For the reasons stated in the previous Merit Review Order (Doc. 17), the Court again finds that Plaintiff's claims regarding the shower conditions do not rise to the level of a constitutional violation. *See Snipes v. DeTella,* 95 F. 3d 586, 592; *Stanley v. Page,* 44 F. App'x 13, 15 (7th Cir. 2002); *DeBrosse v. Allen Cnty. Jail,* 2006 WL 1442843, at *2 (N.D. Ind. May 25, 2006) ("sharing a dirty shower with twenty-two other inmates in more appropriately characterized as inconvenient and uncomfortable than as a deprivation of the minimal civilized measure of life's necessities."). Count 2 is dismissed.

### Count 3

For the reasons stated in the previous Merit Review Order, Count 3 survives preliminary review and will proceed against Dunlap, Lenear, Johnson, Ramiso, Harmon, Mukus, and Neikirk for subjecting Plaintiff to cold temperatures.[3] (*See* Doc. 17, p. 6).

### Count 4

In the previous Merit Review Order, the Court dismissed Plaintiff's claim regarding the repeated lockdowns of 2020 (previously Count 1) because he did not provide sufficient facts for

---

[3] Count 3 was previously designated as Count 4. (*See* Doc. 17, p. 4).

the Court to infer that the conditions during the lockdowns rose to the level of a constitutional deprivation, and he did not associate his allegations with any named defendant. (Doc. 17, p. 5).

In the Third Amended Complaint, Plaintiff specifies that Warden Brookhart instituted the constant lockdowns that resulted in "no meaningful exercise," and Plaintiff remaining in a cell smaller than standard recommendations with a cellmate. (Doc. 19-1, p. 27). The Seventh Circuit instructs that unrelated claims against different defendants should be severed in to separate lawsuits. *George v. Smith,* 507 F. 3d 605 (7th Cir. 2007). Plaintiff's claim against Brookhart is not related to the claims alleged against the other defendants regarding being celled in cold temperatures, and therefore, Brookhart is an improperly joined party. *See* FED. R. CIV. P. 20(a)(2). Rule 21 of the Federal Rules of Civil Procedure grants district courts broad discretion when deciding whether to sever claims or to dismiss improperly joined defendants. *Owens v. Hinsley,* 635 F.3d 950, 952 (7th Cir. 2011). The Court will exercise its discretion and dismiss Count 4 against Brookhart as improperly joined.

### MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff has also filed a Motion for Recruitment of Counsel (Doc. 31) which is **DENIED.**[4] Plaintiff has again not met his threshold burden of demonstrating reasonable efforts to locate counsel in this case. (*See* Doc. 17, p. 6-7). Although he submits three letters from attorneys who have declined representation, he filed these exact same letters in another case he is currently litigating in this district. *See Walker v. Ward,* No. 22-cv-00632-SPM, Doc. 50 (S.D. Ill. Mar. 6, 2024). Thus, it is unclear whether he has made reasonable efforts to find an attorney in *this particular case.* In addition, the Court finds that Plaintiff is capable of litigating pro se during these early stages despite the effects he is experiencing from long COVID. Once all defendants have

---

[4] In evaluating the Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

been served, the Court will enter a discovery and scheduling order pertaining to the issue of whether Plaintiff exhausted his administrative remedies prior to initiating this lawsuit. Plaintiff is capable of adhering to deadlines and gathering and sending to Defendants the discovery documents. He is also capable of handling any motions related to the issue of exhaustion, which is usually a straight-forward issue that does not require the need for counsel.

## DISPOSITION

For the reasons stated above, pursuant to Rule 15 and after review of the proposed amended complaint pursuant to 28 U.S.C. § 1915A, the Court **GRANTS** the Motion for Leave to File Third Amended Complaint. The Clerk is **DIRECTED** to file the proposed amended complaint submitted to the Court on December 18, 2023, as the "Third Amended Complaint." The Clerk is further **DIRECTED** to **SERVE** Neikirk in accordance with the Court's previous Merit Review Order. (Doc. 17). Plaintiff is proceeding on the following claim:

> **Count 3:** Eighth Amendment claim against Dunlap, Lenear, Johnson, Ramiso, Harmon, Muhs, and Neikirk for subjecting Plaintiff to extremely cold temperatures in April and October 2020.

**COUNTS 1** and **2** are dismissed without prejudice for failure to state a claim. **COUNT 4** is dismissed without prejudice for improper joinder. All claims against Brookhart, McQueen, Mueller, Walker, Sawyer, Baker, Taylor, and Hanson are dismissed, and the Clerk shall **TERMINATE** these individuals as parties on the docket.

All Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Third Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, defendants need only respond to the issues stated in this merit review order and the original Merit Review Order of the Complaint (Doc. 17).** Defendants are **ADVISED** that the Court does not accept piecemeal answers.

The Clerk is **DIRECTED** to provide a copy of this Order to Defendant Harmon at the address where his waiver was served, and to Assistant Attorney Generals Lisa Cook and Christine McClimans. Harmon is **ADVISED** that an attorney has not entered an appearance on his behalf in this case, and he is currently unrepresented.

The Motion for Status is **DENIED as moot** in light of this Order. (Doc. 30).

**IT IS SO ORDERED.**

**DATED:**   April 1, 2024

                                                        *s/Stephen P. McGlynn*
                                                        **STEPHEN P. MCGLYNN**
                                                        **United States District Judge**