IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES E. WALKER,<br><br>                Plaintiff,<br><br>v.<br><br>KEVIN JOHNSON, *et al.*,<br><br>                Defendants. | Case No. 22-cv-01162-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

    This matter is before the Court on a Motion to Revoke Plaintiff's IFP status filed by Defendants. (Doc. 46). Defendants argue that Plaintiff's IFP status should be revoked and this case dismissed as sanctions against Plaintiff because he has received five "strikes" pursuant to 28 U.S.C. §1915(g) and he has failed to fully disclose his case history. For the following reasons, the motion is denied.

    First, the Court will not revoke Plaintiff's IFP status because he accumulated three "strikes" *after* initiating this lawsuit. Federal statute 28 U.S.C. § 1915(a)(1) authorizes this Court to permit any litigant who is unable to bear the financial costs of a lawsuit to commence an action in federal court *in forma pauperis* (IFP) —i.e., without prepayment of fees. That authority, however, is constrained by § 1915(g), which prohibits a prisoner from binging a civil action or appeal:

> [I]f the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Page 1 of 5

28 U.S.C. § 1915(g). This provision is sometimes referred to as the "three strikes rule." When an action is dismissed as frivolous, malicious, or for failing to state a claim, it is often stated that such dismissal is a "strike" for purposes of Section 1915(g). IFP status is determined when a case is filed. *See Miller v. Hardy,* 497 F. App'x 618, 620-21 (7th Cir. 2012). At which time, the court reviewing a motion to proceed IFP must determine whether the prisoner has accumulated three or more strikes.

Here, at the time of initiating this lawsuit on June 6, 2022, the Court construes the dismissal of only two of Plaintiff's cases referenced by Defendants as strikes under Section 1915(g): *Walker v. Brookhart,* 21-cv-00110-SPM (case dismissed for failure to state a claim on May 17, 2022, Doc. 25) and *Walker v. Butler*, 21-cv-01174-DWD (case dismissed for failure to state a claim on March 28, 2022). The remaining three cases cited were dismissed after Plaintiff brought this case. *See Walker v. Smith*, 21-cv-01172-SPM (case dismissed as barred by the statute of limitations and for failure to state a claim on June 8, 2022, Doc. 15); *Walker v. Doe*, 21-cv-01173-SPM (case dismissed as barred by the statute of limitations on June 13, 2022, Doc. 17);[1] and *Walker v. Pierce*, 21-cv-01175-SMY (case dismissed for failure to state a claim on February 8, 2023, Doc. 22). "Because § 1915(g) operates to prevent an action from being 'brought' if the prisoner has 'on…prior occasions' accrued too many strikes, strikes incurred after an action is 'brought' do not factor into the Court's IFP analysis." *See Whitefield v. Lawrence Corr. Ctr.,* No. 06-968-GPM, 2008 WL 3874718, at *2 (S.D. Ill. Aug. 18, 2008). Thus, Plaintiff had not struck out when the Complaint was filed.

Furthermore, the Court will not revoke Plaintiff's IFP status on the fact that Plaintiff

---

[1] *See Jones v. Bock*, 549 U.S. 199, 215 (2007) (a "complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations…show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *See also Cannon v. Newport*, 850 F. 3d 303, 307-08 (7th Cir. 2017); *Richards v. Kleinhubert*, 263 F. App'x 493, 495 (7th Cir. 2008).

incurred additional strikes before he filed a motion for leave to file a third amended complaint on December 18, 2023. An amended complaint does "not reset the clock for determining a party's IFP status…[A] civil action is 'brought' once – when it is filed with the court – regardless of how many amendments are made to a complaint." *Whitefield,* 2008 WL 3874718, at *2. The Court will not revoke Plaintiff's IFP status because he has received five strikes since filing this lawsuit.

Second, the Court does not find that Plaintiff intentionally misrepresented his litigation history in his Complaint and subsequent amended complaints. The Seventh Circuit has held that a district court has the discretion to sanction litigants who violate rules and orders designed to "enable judges to control their dockets and manage the flow of litigation" *Hoskins v. Dart,* 633 F. 3d 541, 543 (7th Cir. 2011) (citations omitted). Such sanctions are warranted in circumstances where a plaintiff commits fraud on a court by omitting litigation history because "[d]isclosure of a prisoner's litigation history enables a court to adhere to the three-strike requirement of 28 U.S.C. §1915(g)." *Id.* at 544.

Defendants have not established that Plaintiff's "omissions were both material and intentional, and thus fraudulent." *Hoskins,* 633 F. 3d at 543. When filing the initial Complaint (Doc. 1), Plaintiff disclosed fourteen of the sixteen federal cases he had filed at the time, including the five cases that had or would eventually be dismissed for reasons stated in Section 1915(g). The two cases he omits from his litigation history were from 2013 and 2014 and filed in the Northern District Court. Case No. 14-cv-02122 was dismissed as a duplicate of Case No. 13-cv-03534, which was a habeas case. *See Walker v. Harrington*, Case No. 13-cv-03534 (N.D. Ill., May 10, 2013, petition for Writ of Habeas Corpus). The Prison Litigation Reform Act (PLRA) does not apply to petitions for writ of habeas corpus, and this Court does not require prisoner plaintiffs to

disclose previous habeas petitions when filing civil lawsuits pursuant to Section 1983.[2] *See Walker v. O'Brien,* 216 F. 3d 626, 636 (7th Cir. 2000). Plaintiff's failure to list the Northern District cases did not violate any directive of this Court.

As to Plaintiff's mischaracterizations within his litigation history for the initial Complaint, there is nothing in the record from which the Court can assume that these errors were done intentionally with the aim to mislead the Court. The fact that Plaintiff was a frequent litigator and "should be familiar with the rules of filing documents with court" (Doc. 46, p. 1), is not sufficient standing alone to demonstrate intentionality. *See Sanders v. Melvin,* 25 F. 4th 475, 485 (7th Cir. 2022). While Plaintiff incorrectly states that Case No. 21-cv-00110-SPM was not dismissed for failure to state a claim and Case No. 21-cv-01174-DWD was still pending, he also wrongly records that Cases No. 19-cv-00445-SPM and 19-cv-00564-NJR were dismissed for failure to state a claim (Doc. 1, p. 23, 25, 28). Both cases were actually dismissed at summary judgment. It does not make sense that Plaintiff would attempt to commit fraud on the Court by hiding two cases that had been dismissed for failure to state claim, while at the same time freely admitting, albeit incorrectly, that two other cases were dismissed for failure to state a claim. Given these errors and Plaintiff's voluminous case history, the Court attributes Plaintiff's actions to inadvertence, not an intentional attempt to conceal his litigation history.

As for the lack of a complete and updated litigation history in Plaintiff's amended complaints, such failure to disclose this information was not material. The purpose of having a plaintiff provide his litigation history is to "ensure that the plaintiff has not incurred three strikes" when reviewing requests to proceed IFP. *Payton v. Kram,* No. 22-2212, 2024 WL 123453, at *2 (7th Cir. 2024). When Plaintiff filed his amended complaints, the Court had already ruled on his

---

[2] *See* Instructions for Filing a Pro Se Civil Complaint for Civil Rights Violations or Other Civil Claims Filed by a Person in Custody in the United States District Court for the Southern District of Illinois.

motion for IFP. Thus, his omissions had "no bearing on [his] ability to proceed under the PLRA." *Greyer v. Ill. Dep't of Corr.,* 933 F. 3d 871, 880 (7th Cir. 2019).

For these reasons, the Court **DENIES** the Motion to Revoke Plaintiff's IFP Status. (Doc. 46).

**IT IS SO ORDERED.**

**DATED:   February 3, 2025**

                                              *s/Stephen P. McGlynn*
                                              **STEPHEN P. MCGLYNN**
                                              **United States District Judge**